SO ORDERED: March 28, 2011.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FREDERICK L. BURNETT and | ) | Case No. 09-90250-BHL-13 |
| SANDRA K BURNETT, | ) | |
| | ) | |
| Debtors | ) | |

## ORDER

This matter comes before the Court on Debtors' **Objection to Indiana Department of Revenue's Proof of Claim** filed on August 7, 2009. Debtors seek to have the claim of Indiana Department of Revenue ("IDR") disallowed on grounds that the taxes have already been paid. IDR filed its **Response to Objection to Claim** on August 21, 2009. The Court held an evidentiary hearing on September 20, 2010, at which time the matter was taken under advisement. The record was supplemented on February 23, 2011, when the parties submitted a joint **Stipulation Regarding Indiana Tax Amnesty Program**. The Court, having considered the foregoing and being otherwise duly and fully advised, now finds that Debtors' Objection should be and hereby is **GRANTED IN PART AND DENIED IN PART** in accordance with the attached Memorandum.

**MEMORANDUM**

Initially, the Court finds that this is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) and that the Court has jurisdiction and authority to hear and determine this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 505(a)(1).  At issue is IDR's proof of claim filed on February 5, 2009 for $50,621.82, including a secured claim of $46,087.25 and an unsecured priority claim of $4,534.57 (Debtor's Exhibit A).  At hearing, the Debtors conceded the validity of the unsecured portion of the claim leaving only the secured claim in dispute.  The supporting documentation filed with IDR's proof of claim sets forth a secured claim based on Motor Fuel Tax liability from tax year 2003[1] for Harrison County Oil Inc.

Background

IDR sent Demand Notices to Harrison County Oil Inc. dated March 1, 2004 for the Motor Fuel Tax liabilities. Each Demand Notice[2] contained the following provision:

> YOU MUST RESPOND TO THIS NOTICE WITHIN TEN (10) DAYS FROM THE DATE THIS NOTICE WAS ISSUED. IF YOU FAIL TO RESPOND WITHIN THIS TEN (10) DAY PERIOD A TAX WARRANT (THIS IS NOT AN ARREST WARRANT) WILL BE ISSUED PURSUANT TO INDIANA CODE 6-8.1-8-2(b).

Debtor-Wife contacted IDR regarding the Motor Fuel Tax liability and was informed that if Debtors made two large lump sum payments that they would qualify for a payment plan to deal with the delinquent Motor Fuel Taxes. Debtors timely paid IDR $28,000 on March 27, 2004 and $14,098.67 on March 29, 2004 (Debtors' Exhibit E).  On April 27, 2004, the Debtors received a confirmation letter referencing the payment plan and the parties have stipulated that Debtors did, in fact, enter into

---

[1]The claim at issue arises from tax liability for the periods ending 5/31/2003, 6/30/2003, 7/31/2003, 8/31/2003, 10/31/2003, and 11/30/2003.

[2]Creditor Exhibit 1 introduced at hearing on September 20, 2010.

a Tax Amnesty Program payment plan (Doc. # 108, Stipulation).

Per the parties' Stipulation, Debtors needed to pay $115,782.24 by November 15, 2005 in order to successfully complete the Tax Amnesty Program[3] (Doc. # 108, Stipulation). Debtors made routine monthly payments of $2000 to IDR for payment on the Motor Fuel Tax liability (Debtors' Exhibit E). Debtors had paid $86,098.67 into their payment plan by November 15, 2005 (Debtors' Exhibit D). Debtors continued to make their routine monthly payments of $2000 for the Motor Fuel Tax liability after November 15, 2005 and IDR continued to accept these payments. Debtors provided documentation of $183,151.90 in Motor Fuel Tax payments from March 2004 through July 2007 (Debtors' Exhibit E).

On November 14, 2005, nearly twenty (20) months after the Debtors commenced their payment plan, IDR issued Tax Warrants for Harrison County Oil's outstanding Motor Fuel Tax liabilities. A representative of IDR testified at the hearing held on September 20, 2010 that he had reviewed Harrison County Oil Inc.'s file closely but did not know why these November 14, 2005 Tax Warrants were issued in light of the negotiated plan. These Tax Warrants included the Motor Fuel Tax liability, interest, penalty, collection fee, damages, and clerk costs.

Analysis

The crux of the issue before the Court is whether the Tax Warrants issued on November 14, 2005 are valid. If the Tax Warrants are valid, then IDR's claim is accurate and should be allowed as filed. If the Tax Warrants issued on November 14, 2005 are determined to be invalid, then the additional fees and penalties involved with taking a demand notice to the tax warrant stage are

---

[3] The Tax Amnesty Program agreement between IDR and Debtors has not been entered into evidence.

3

likewise invalid.

IDR either issued the tax warrants pursuant to a default in the amnesty payment plan or pursuant to its earlier Demand Notice. Authority for the amnesty program is found in Ind. Code § 6-8.1-3-17(c), and pursuant thereto, IDR shall not seek to collect any interest, penalties, collection fees, or costs that would otherwise be applicable and shall not issue any warrant for payment under Ind. Code § 6-8.1-8-2 for which amnesty has been granted if payment in full is made in the manner and time established in the agreement. Failure to pay all listed taxes due for a tax period, however, invalidates any amnesty granted for that tax period. Because the agreement was not introduced into evidence, it is unclear whether there was a procedure for declaring a default. Nevertheless, because IDR issued these Tax Warrants the day before Debtors' Tax Amnesty Program payment plan deadline and while Debtors were in active compliance with their payment plan, there would appear to be no authority under the amnesty agreement to issue the Tax Warrants.

Upon the issuance of a demand notice, if a taxpayer "does not pay the amount demanded *or show reasonable cause for not paying the amount demanded within the ten (10) day period*" then IDR may issue a tax warrant for the tax, interest, penalties, collection fee, sheriffs's costs, clerk's costs, and fees, and applicable collection agency fees. Ind. Code § 6-8.1-8-2(b) (emphasis added). The Demand Notices were issued on March 1, 2004. Debtors timely contacted IDR and arranged to participate in the Tax Amnesty Program in lieu of paying the Demand Notices in full within 10 days. The Court finds that the Debtors' actions in contacting IDR and entering the Tax Amnesty Program constitutes "reasonable cause" within the meaning of Ind. Code § 6-8.1-8-2(b) and fulfills the stated requirements of the Demand Notices.

A tax warrant that does not comply with the requirements of the statutory scheme violates

a taxpayer's statutory rights. Thomas v. Ind. Dept. Of State Revenue, 675 N.E.2d 362, 366 (Ind. T.C. 1997). In Thomas, IDR issued a tax warrant in violation of Ind. Code § 6-8.1-5-1 because IDR neither responded to the taxpayer's written protests or held a hearing regarding the same. Here, the Tax Warrants were issued in violation of Ind. Code § 6-8.1-8-2(b) because Debtors were in compliance with the Tax Amnesty Program and were in compliance with the requirements of the Demand Notices when the warrants were issued. Because IDR did not properly comply with Ind. Code § 6-8.1-8-2 in order to take this debt to tax warrant, the Tax Warrants issued on November 14, 2005 are deemed invalid.

Additionally, it is worth noting that nothing in the record indicates that IDR ever notified Debtors that the payment plan arrangement was no longer in effect. Debtors continued to make routine monthly payments into 2007. Although Debtors ultimately defaulted on their Tax Amnesty Program payment plan arrangement, no new or updated demand notices were issued. *See* Miles, Inc. v. Indiana Dept. of Revenue, 659 N.E.2d 1158, 1161 (Ind. T.C. 1995).

## Conclusion

Debtors complied with the requirements set forth in the Demand Notices issued to them on March 1, 2004. Debtors were paying the Motor Fuel Tax liabilities pursuant to a valid Tax Amnesty Program payment plan when IDR issued Tax Warrants on November 14, 2005. These tax warrants were not in compliance with the requirements of Ind. Code § 6-8.1-8-2, therefore, they are invalid. All fees, costs, damages, and penalties assessed to Debtors as a result of the invalid tax warrants are disallowed. Insofar as the secured status of IDR's claim is owed to the invalid tax warrants, IDR's secured claim status is disallowed. Debtors remain responsible, however, for all original unpaid Motor Fuel Tax liabilities assessed pursuant to Ind. Code § 6-6-4.1, including penalties and interest.

**IT IS HEREBY ORDERED** that IDR's unsecured priority claim for individual income taxes for 2007 is ALLOWED AS FILED.

**IT IS FURTHER ORDERED** that IDR's secured claim for Motor Fuel Tax liabilities is DISALLOWED.

**IT IS FURTHER ORDERED** that IDR has 7 days from entry of this order to comply with the provisions of Ind. Code § 6-8.1-8-2(h).

**IT IS FURTHER ORDERED** that IDR has 21 days from entry of this order to AMEND its proof of claim.

###